**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chauncey P. CURTIS, Defendant–Appellant.**

**No. 07–30142.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jared C. Kimball, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kimberly A. Deater, Esq., FPDWA–Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Chauncey P. Curtis appeals from the district court's order permitting the United States to medicate him involuntarily for the purpose of rendering him competent for trial. We have jurisdiction pursuant to *Sell v. United States,* 539 U.S. 166, 175–77, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003), and we vacate and remand.

Curtis contends that under the analysis set forth in *Sell,* the district court erred in concluding that important governmental interests were at stake in prosecuting the case, that involuntary medication would significantly further, and was necessary to further, those governmental interests, and that administration of the medication at issue was medically appropriate.

In light of this Court's intervening decision in *United States v. Hernandez–Vasquez,* 513 F.3d 908 (9th Cir.2008), we vacate and remand because the district court did not specify the maximum dosages of medications to be administered or "the duration of time that involuntary treatment of the defendant may continue before the treating physicians are required to report back to the court on the defendant's mental condition and progress." *See id.* at 917.

Furthermore, the district court did not examine Curtis' likely sentence under the advisory Sentencing Guidelines with respect to the determination of whether important governmental interests are at stake in bringing Curtis to trial. *See id.* at 916–19.

Because we vacate and remand for further proceedings consistent with *Hernan-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*dez–Vasquez,* we decline to address Curtis' remaining contentions.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.